TYSON, Judge.
The indictment charged Roy Kennedy Williams with owning and having in his possession a pistol after having been convicted in Alabama of the offense of robbery on to-wit, May 19, 1975, contrary to the provisions of § 13-6-152 Code of Alabama 1975. The jury found the appellant “guilty as charged” and the trial court sentenced the appellant to five years imprisonment as punishment.
On January 19, 1979, Mrs. Susan Cockrell observed three black males shortly before 10:00 a. m. driving a black Buick automobile into an apartment complex in a reckless manner. She telephoned the police as it appeared to her that the three men had walked toward an apartment and attempted to enter therein. She stated that she was familiar with the Somerville Road Apartments and knew that none of the three were residents there.
Pursuant to police alert, Decatur Officers Hollis Johnson and Sergeant James Steen-son stopped the appellant and two companions who were observed by the officers in front of a small neighborhood grocery store acting in a suspicious manner. They had been alerted by fellow officers Mickle and Watson, who had answered the call at the apartments and indicated that they had observed three black men near a neighborhood grocery store. A short time later the appellant, Roy Kennedy Williams and Larry Pride were stopped, arrested and searched by the officers. A third companion, Roger McElroy attempted to flee and as McElroy was arrested by Officer Mickle he threw away a “gun barrel” which was retrieved by Officer Mickle and taken to the patrol unit where Williams and Pride were being held. Mickle testified at trial that the barrel contained a “sixteen gauge shotgun shell” at the time he retrieved it. (R 50)
A search of Williams and Pride revealed that Williams had in his possession the trigger assembly and a pair of gloves and a handkerchief. The third party, Larry Pride had a .38 caliber pistol which was fully loaded.
There appears to be a dispute over the precise length of the “barrel” which was found on Williams’s companion, McElroy; one estimate indicating that it-was twelve and one-half inches long, (R 108), while another estimate determined that the barrel was twelve and five-eighths inches in length. (R 116) Without dispute, both measurements included the length of the chamber which contained the shell and which was a permanent part of the barrel. Without dispute the only charge against the appellant was “felony possession of a weapon, a pistol”.
In cross-examination of Decatur officer, William Watson, we find the following: (R 73-74)
“Q (By MR. LANGHAM) Is this a pistol?
“A No, sir, it’s a receiver from the shotgun.
“Q Can you shoot that?
“A Not without the barrel.
“Q Can you shoot it with this attached?
“A No, Sir.
“Q Can you even put a shell in it?
“A No, sir.
“Q Were any other charges placed against Roy Kennedy Williams?
“A Not to my knowledge.
“Q He was charged with felony possession of a weapon, isn’t that right, isn’t that why we’re here today?
“A Yes, sir, a pistol.
“Q Felony possession of a pistol. Now everything, all these exhibits right here, state’s exhibit one, state’s exhibit two, state’s exhibit three, state’s exhibit four, state’s exhibit five, and state’s exhibit ten and state’s exhibit eleven were found on the other two individuals, isn’t that right?
“A Yes, sir.
“Q Larry Pride and what’s this other name, McElroy?
“A Yes, sir.
“Q This pistol was found in the possession of Larry Pride, isn’t that correct?
*429 “A Yes, sir, it was.
“Q No other charges were placed against Roy Kennedy Williams?
“A No, sir.”
The appellant did not take the stand and testify, nor did he offer any testimony at trial from other witnesses.
However, on hearing his motion for a new trial challenging the conviction, the appellant did present the testimony of Sergeant Robert Clark, who had testified at the original trial, and also one Herbert Youngkin, Special Agent for the Bureau of Alcohol, Tobacco and Firearms of Huntsville, Alabama, concerning “what constitutes a pistol” and how the “barrel” found in the possession of McElroy should be measured. This motion was denied.
I
Much testimony was offered at trial and on hearing the motion for a new trial as to what constitutes • a “pistol” within the meaning of the Alabama Statutes and also as to how a “barrel” should be properly measured. Section 13-6-150, Code of Alabama 1975 in pertinent part reads as follows:
“(1) PISTOL. Any firearm with a barrel less than 12 inches in length.”
The appellant was charged under § 13-6-152 Code of Alabama 1975, which reads as follows:
“(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.
“(b) No person who is a drug addict or an habitual drunkard shall own a pistol or have one in his possession or under his control. (Acts 1936, Ex. Sess., No. 82, p. 51; Code 1940, T. 14, § 174; Acts 1951, No. 784, p. 1378.)”
Much is made in brief by both parties about how the proper measurement of a “barrel” should be made and as to whether or not the disassembled “barrel” from the shotgun which is in evidence and which “barrel” was found in the possession of McElroy, could constitute a “pistol” within the meaning of the above-stated statute. This court is now in effect being asked to determine whether vel non the possession of the “barrel” by McElroy constitutes a “pistol” within the meaning of the above statute under which defendant Williams is charged.
We leave the decision as to whether or not a cylinder is properly included in the measurement of a barrel for another day. It is not necessary to decide this in order to make our decision in this case.
In Webster’s Third New International Dictionary, the term “pistol” is defined as follows:
“(1) a short firearm intended to be aimed and fired with one hand” and
“(2) a hand gun whose chamber is integral with the barrel — distinguished from a revolver”.
In The Random House Dictionary, the term “pistol” is defined as follows:
“a short firearm held and fired with one hand”.
Without dispute, under the testimony of the officers who made the arrest of the defendant, Williams, and who testified at trial, the only items which could constitute a weapon found on Williams were “fore arm piece of a shotgun” found in Williams’s left coat pocket (R 65) and “a receiver from a sixteen gauge shotgun” taken from the right coat pocket of Williams. (R 66) The State’s witnesses clearly indicated that these two pieces could not fire even when placed together without the “barrel”, which was in the sole possession of McElroy. Williams, by admission of the State’s witnesses, is not charged with a conspiracy to commit a felony or other such offense.
It is clear to the Court from the record and from reviewing the “fore arm piece”, the “receiver” and the “barrel” that such could not constitute a “pistol” within the meaning of the above-quoted Alabama Statute. Moreover, such was disassembled, by the testimony of the State’s own witnesses, and also according to the State’s witnesses, such could not fire when so disassembled.
*430 It therefore follows that the trial Court erred in submitting this case to the jury and in overruling defendant’s motion for a new trial, as the parts of the disassembled shotgun found in the possession of Williams clearly do not constitute a “pistol” within the meaning of the above-quoted Alabama Statute.
We distinguish this case from Johnson v. State, 51 Ala.App. 172, 283 So.2d 642 (1973) inasmuch as the appellant in that case had in his possession both a pistol and a fully assembled sawed-off shotgun, whose barrel was measured “less than 12 inches.” See also Robinson v. State, 40 Ala.App. 101, 108 So.2d 188 (1959).
For the reasons stated, the judgment of the court below is hereby reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur.